UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ANTHONY W.,

                            Plaintiff,        <u>DECISION AND ORDER</u>
                                                         7:23-cv-03028-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In July of 2018, Plaintiff Anthony W.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Olinsky Law Group, Howard Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

      This case was referred to the undersigned on January 26, 2022.  For the following reasons, the Commissioner's decision is due to be sustained and this case is dismissed.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

## I. BACKGROUND

*A.   Administrative Proceedings*

Plaintiff applied for benefits on July 13, 2018, alleging disability beginning January 14, 2018. (T at 59-60, 163).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on January 13, 2020, before ALJ Angela Banks. (T at 26). The ALJ issued a decision denying the application for benefits on February 3, 2020. (T at 10-29). The Appeals Council denied Plaintiff's request for review. (T at 1-3).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review. On November 16, 2021, the Honorable Andrew E. Krause, United States Magistrate Judge, entered an Order approving a stipulation remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405 (g). (T at 864-65). The Appeals Council entered a remand order on March 2, 2022. (T at 866).

A second administrative hearing was held before the same ALJ on August 22, 2022. (T at 795-821). Plaintiff appeared with an attorney and

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

testified. (T at 800-810). The ALJ also received testimony from Brian Daly, a vocational expert. (T at 811-18).

B.   ALJ's Decision

On February 7, 2023, the ALJ issued a second decision denying the application for benefits. (T at 773-86). The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 14, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2022. (T at 778).

The ALJ concluded that Plaintiff's degenerative disc disease, degenerative joint disease, and osteoarthritis were severe impairments as defined under the Act. (T at 779). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 780).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can occasionally balance on uneven terrain, with no limitation in his ability to maintain balance on even terrain; he can occasionally stoop, crouch, kneel, crawl, and climb ramps or stairs, but cannot climb ladders, ropes, or

scaffolds and is limited to no more than occasional exposure to respiratory irritants. (T at 781).

The ALJ concluded that Plaintiff could not perform his past relevant work as a porter/commercial cleaner or home attendant. (T at 785). However, considering Plaintiff's age (45 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 785).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 14, 2018 (the alleged onset date) and February 7, 2023 (the date of the ALJ's second decision). (T at 786). The ALJ's second decision is considered the Commissioner's final decision.

C.  *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on April 11, 2023. (Docket No. 1). On August 11, 2023, Plaintiff filed a brief arguing for reversal of the denial of benefits. (Docket No. 11). The Commissioner interposed a brief in support of the ALJ's decision on September 11, 2023. (Docket No. 13). On September 22, 2023, Plaintiff filed a reply brief. (Docket No. 14).

## II.  APPLICABLE LAW

### A.  Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two primary arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's consideration of his subjective statements.  Second, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed. The Court will address both arguments in turn.

### A. *Subjective Statements*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective statements. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any

9

treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff alleged as follows: He cannot work because of excruciating pain in his neck and lower back, which is triggered by certain activities. (T at 41-43). Being in any one position for prolonged periods aggravates his lower back pain. (T at 43-45). The pain radiates down his legs, making it difficult to rise from a seated position, stand for longer than 30 to 40 minutes, or sit for more than 25 to 30 minutes. (T at 805-06). He limits how far and how often he bends because bending makes him feel like he is going to fall forward. (T at 804).

Plaintiff was prescribed a back brace by his neurologist and wears it two or three times a week to re-align and support his back. (T at 804). He

can lift between 8 to 10 pounds. (T at 810). He experiences sharp neck pain and stiffness when turning his head in any direction. (T at 805). He performs household chores with caution and at a slow pace. (T at 809-10).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 783).

After a careful review of the record the Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

The ALJ found Plaintiff's activities of daily living inconsistent with his complaints of disabling pain and limitation. (T at 781-83). This conclusion is supported by substantial evidence.

In a function report completed in September of 2018 Function Report, Plaintiff reported that he avoided "heavy lifting," had no problems standing, could sit for up to 90 minutes at time, and could shop for 25 minutes to an hour three times a week (T at 221, 224, 781-82). In October of 2018, Plaintiff told Dr. Michael Healy, a consultative examiner, that he engaged in a broad spectrum of daily activities including cooking, cleaning, laundry,

shopping, attending social events, watching television, reading, singing, and "writing movie scripts" (T at 634, 782).

In March of 2022, Plaintiff completed a daily activities report, in which he represented that he could walk up to one mile at a time, had no limitations with standing, and could sit for up to an hour at a time (T at 782, 1005). During that same month, Plaintiff advised a treating physician, Dr. Kristina Chacko, that he was exercising by walking a mile twice a week (T at 783, 1279).

Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the Social Security regulations expressly permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming ALJ's credibility determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader

evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

In addition to the evidence of activities of daily living, the ALJ cited several medical opinions of record in support of his decision, including the assessments of Dr. Healy (the consultative examiner), Dr. William Walsh (an examining physician), and Dr. S. Putcha (a State Agency review physician). (T at 782-84).

The ALJ found these opinions persuasive and inconsistent with Plaintiff's subjective complaints of disabling pain and limitation. *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); *DeJesus v. Colvin,* 12 Civ. 7354, 2014 U.S. Dist. LEXIS 22238, at *63 (S.D.N.Y. Jan. 23, 2014) ("[T]he ALJ properly chose to give little weight to [claimant's] unsupported complaints and claims given that he

analyzed them in light of the objective medical evidence in the record."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

Plaintiff points to a section of the ALJ's decision in which the ALJ says that even if one were to accept Plaintiff's own description of his activities of daily living, this would lead to the conclusion that Plaintiff was capable of performing sedentary work, which would (in turn) yield a determination that Plaintiff was not disabled within the meaning of the Social Security Act for most, but not all, of the relevant time period. (T at 783). Plaintiff contends that this conclusion supports at least a partial award of benefits.

The ALJ's comment, however, does not materially undermine the overall determination, which was that the record, including the activities of daily living and medical opinion evidence, did not support Plaintiff's subjective complaints of disabling pain and limitation and that at all times relevant to the decision, Plaintiff retained the capacity to perform a reduced range of light work.

Although Plaintiff suffers from pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints. Instead, the ALJ found Plaintiff was limited to a reduced range of light work. (T at 781).  However, "disability requires more than mere inability to work without pain." *Dumas v.*

14

*Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including an appropriate reconciliation of the medical opinion evidence and proper consideration of Plaintiff's activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

B.     Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Xerxes Oshidar, a physician who examined Plaintiff in the context of a workers' compensation benefits claim, opined in October of 2018, that Plaintiff was fifty percent disabled and limited to "sedentary work." (T at 659-60).  The ALJ did not address Dr. Oshidar's opinion.

Although the ALJ erred by failing to address Dr. Oshidar's opinion, the Court finds this error harmless for the following reasons. *See, e.g., Camino v. Colvin*, No. 1:13–CV–00626 (MAT), 2015 WL 5179406, at *6 (W.D.N.Y. Sept. 4, 2015) (finding harmless error where ALJ did not explicitly consider medical opinion because it would not have changed the

17

outcome of the decision, which was supported by substantial evidence); *Arguinzoni v. Astrue*, No. 08–CV–6356T, 2009 WL 1765252, at *9 (W.D.N.Y. June 22, 2009) (finding harmless error where ALJ did not assign specific weight to medical opinions because decision was supported by substantial evidence) (collecting cases).

First, the standards for workers' compensation disability are different from those under the Social Security Act and, thus, medical source opinions rendered in that context are generally afforded limited weight. *See, e.g., Fortier v. Astrue*, 09 Civ. 993, 2010 WL 1506549 at *24 (S.D.N.Y. Apr. 13, 2010) ("[F]indings of disability for workers' compensation purposes are of limited utility for disability purposes under the Social Security Act. Those findings are geared to the person's prior employment and allow findings of partial disability." (quotations omitted)); *see also Lopez v. Berryhill,* No. 18 Civ. 12201, 448 F.Supp.3d 328, 2020 WL 1435032, at *12 (S.D.N.Y. March 24, 2020); *Urbanak v. Berryhill*, No. 17 Civ. 5515, 2018 WL 3750513, at *24 (S.D.N.Y. July 18, 2018); *Flanigan v. Colvin*, 21 F. Supp. 3d 285, 308 n.27 (S.D.N.Y. 2014) (collecting cases); *Hallaron v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004).

Second, the record contains multiple medical source opinions that provide sufficient support for the ALJ's decision. In September of 2018, Dr.

William Walsh, a treating orthopedist, concluded that Plaintiff's cervical and lumbar spine issues had resolved and opined that he was "capable of working without restriction," with "no need for continued orthopedic treatment" (T at 655, 783).  Dr. Healy, the consultative examiner, concluded that Plaintiff had only mild limitations with respect to sitting, standing, walking, climbing stairs, bending, and lifting. (T at 636, 784).  Dr. Putcha, the State Agency review consultant, opined that Plaintiff could perform light work (T at 65).  The ALJ found these opinions persuasive and supported by record evidence including clinical examination findings, documented progress, and activities of daily living. (T at 781-84).

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions.  Plaintiff relies on the ALJ's failure to address Dr. Oshidar's opinion and points to other evidence, including more restrictive assessments from Dr. Theodore Xenos, a treating chiropractor, Dr. Ranga Krisha, a treating neurologist, and Alexander Pennis, a physician's assistant.

When the record, as here, contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

For the reasons discussed above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's denial of benefits is sustained, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: March 11, 2024                       *s/ Gary R. Jones*
                                             GARY R. JONES
                                             United States Magistrate Judge